UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RDB PROPERTY, LLC, and DAVID J. MIKLOS | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 19 C 5700 |
| THE CITY OF BERWYN, | ) ) | Judge Charles P. Kocoras |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant City of Berwyn's ("the City") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant the motion.

## STATEMENT

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Defendant is an Illinois municipal corporation. Plaintiff RDB Properties, LLC ("RDB") is an Illinois limited liability company who owns the property at issue in this matter. Plaintiff David J. Miklos ("Miklos") is RDB's Member/Manager, and is a resident of Berwyn, Illinois (collectively, "Plaintiffs").

Plaintiffs' property is located on 1214 Scoville Avenue, Berwyn, Illinois. Plaintiffs' street dead-ends into an alley behind a large facility belonging to the Turano Baking Company ("Turano"). The facility spans four block-lengths between the main thoroughfares of Ridgeland Avenue and East Avenue. In 2014, Turano bought the residential properties on the southside of the alley behind its facility.

The facts giving rise to this case occurred in December 2014, when the City allowed Turano to demolish the dwellings on the properties adjacent to the alley and construct a private parking lot. The City granted Turano a zoning variance to permit its construction of the parking lot in a residential area and rezoned the former residential lots to mixed commercial use. Plaintiffs allege that the City also gave Turano part of the public land on which Scoville and Gunderson Avenues were located, allowing Turano's parking lot to extend uninterrupted from East Avenue to Elmwood Avenue.

As part of the designs approved by the City, Turano built a cul-de-sac at the end of Scoville and Gunderson Avenues to block access to its private parking lot. As a result of the newly constructed cul-de-sac on Scoville Avenue, Plaintiffs' property—being adjacent to the cul-de-sac—lost a public on-street parking spot. Plaintiffs further allege that the City repeatedly failed to require Turano to comply with its ordinances governing parking lots and their surroundings.

Plaintiffs allege that the value of their property was damaged by the City's actions. Specifically, Plaintiffs allege the City's actions facilitated increased noise from

operations and vehicular traffic in and around Turano's facilities, caused security risks resulting from an increase in vehicular and pedestrian traffic, allowed excessive light from the parking lot, and caused Plaintiffs' property to lose on-street parking as well as aesthetic value. Plaintiffs further allege that the loss of parking spaces has made it impossible to provide dedicated handicapped street parking for individuals residing at Plaintiffs' property.

Based on these events, Plaintiffs filed a complaint on August 23, 2019, alleging a taking in violation of the Fifth Amendment of the United States Constitution.[1] On October 9, 2019, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the

---

[1] The Court notes that these cases are typically brought under 42 U.S.C. § 1983, and although the City's reply brief references that section, the complaint itself does not.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

The City urges the Court to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), arguing that none of Plaintiffs' alleged injuries were the product of a government action. The City further argues that Plaintiffs' injuries are not actionable under the Takings Clause.[2] The Court will address each argument in turn.

Plaintiffs allege a taking occurred when the City granted Turano a zoning variance, failed to enforce ordinances, and eliminated parking spaces by transferring public land to Turano. These actions allegedly damaged the value of Plaintiffs' property by facilitating increased noise from the Turano facilities, increased security risk due to increasing traffic, loss of public street parking, excessive light from newly installed light fixtures, and loss of aesthetic value. The City argues that it has no role

---

[2] A portion of the City's argument appears to rest on the state-court litigation requirement articulated in *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). But that requirement has been overruled by the Supreme Court in *Knick v. Township of Scott*, __ U.S. __, 139 S. Ct. 2162, 2170 (2019). This Court, therefore, rejects that argument.

in the alleged taking because all actions that allegedly constitute a taking belong to Turano, a private entity. The Court disagrees.

While it may be true that the actual damages Plaintiffs suffered directly resulted from actions taken by Turano, the City had a significant role in facilitating Turano's actions. According to Plaintiffs, the City granted Turano a variance on the zoning of the land, failed to enforce ordinances governing the use of Turano's land, transferred public land to Turano, and approved Turano's parking lot design that led to the construction of the cul-de-sac. Thus, Plaintiffs have sufficiently alleged the City's participation in the alleged taking.

Nevertheless, none of Plaintiffs' allegations are severe enough to constitute a taking in the constitutional sense. Although legitimate government action unfairly burdening an individual instead of a community constitutes a taking, "not every destruction or injury to property by government action has been held to be a 'taking' in the constitutional sense." *Barbian v. Panagis*, 694 F.2d 476, 483 (7th Cir. 1982) (*quoting Armstrong v. United States*, 364 U.S. 40, 48 (1960)). Instead of merely preventing the most beneficial use, government action must deny an individual "all" or an "essential" use of his property. *Id*.

Plaintiffs do not allege that the increased noise, security risk, excess light, and loss of aesthetic value denied them of "all" or of an "essential" use of their property. Nor do they allege that the loss of on-street parking deprived them of all such use.

Rather, Plaintiffs allege that the loss of on-street parking has "made it impossible to provide a dedicated handicapped street parking for individuals residing at [his] property," which corresponds with a decrease in the property's rental value. But this is simply not enough. A decline in market value, or the loss of the best or most profitable use of the property, does not demonstrate that a taking has occurred. *Barbian*, 694 F.2d at 483 (citations and quotation marks omitted).

Accordingly, the Court finds that Plaintiffs failed to allege a taking within the meaning of the Fifth Amendment of the United States Constitution.

## **CONCLUSION**

For the reasons mentioned above, the Court grants the City's motion to dismiss. It is so ordered.

Dated: 12/3/2019

_____
Charles P. Kocoras
United States District Judge